Per Curiam.

Paragraph three of Section. 5511.02, Revised Code, provides in part that “as an adjunct of any ‘limited access highway’ * * * the director * * * may lay out and construct highways and drives, to be designated as service highways, to provide access from areas adjacent to. a limited access highway # * * ?)
Paragraph four of that section defines a limited access highway as “a highway especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway and access to which may be allowed only at highway intersections designated by the director.”
Paragraph three of that section, quoted above, was obviously enacted to remove any question with respect to the authority of the director to alleviate the consequences of his elimination of access to a limited access highway. It was intended to authorize the director to provide access from areas which are adjacent to, near to, or which abut a limited access highway. Rothwell v. Linzell, Dir., 163 Ohio St., 517.
A service highway, such as the road in question here, although primarily designed for the benefit of an individual but which eliminates traffic hazards and makes a limited access highway safer, becomes an essential part of the entire limited access project. Respondent has authority to acquire a perpetual easement over the land in question. See May v. Ohio Turnpike Commission, 172 Ohio St., 555.

Judgment affirmed.

Weygandt, O. J., Zimmerman, Taet, Matthias, Bell, Herbert and O’Neill, JJ., concur.